UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:11-CR-00036-JMS-MJD |
| | ) | |
| FARON HAYCOCK, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Pursuant to an order of reference dated August 28, 2013, this matter is before the Court to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 27, 2013 and to submit a Report and Recommendation regarding the disposition of this matter.  Proceedings were held on August 30, 2013, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure.[1]

On Friday, August 30, 2013, Faron Haycock ("Haycock") appeared in person with appointed counsel, Michael J. Donahoe.  The Government appeared by Winfield D. Ong, Assistant United States Attorney.  U. S. Parole and Probation appeared by Patrick Jarosh, U. S. Parole and Probation officer.

The Court conducted the following procedures in accordance with Rule 32.1(b)(2) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3583:

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1. Mr. Haycock was advised of the nature of the violations alleged against him and acknowledged receipt of the notice of those allegations.

2. Copies of the Petition was provided to Mr. Haycock and his counsel, who informed the Court that they had read and understood the violations listed in the Petition and waived further reading of those violations.

3. Mr. Haycock was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Haycock was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Haycock was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. Mr. Haycock was advised that if the preliminary hearing resulted in a finding of probable cause that Mr. Haycock had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned District Judge.

7. Mr. Donahoe stated that Mr. Haycock would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition.

Mr. Haycock executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. The Government dismissed Violations in the Petition, Numbers 1 and 2. Mr. Haycock stipulated that he committed the Violation in the Petition, Number 3, as set forth in the Petition for Warrant or Summons for an Offender Under Supervision, filed with the Court on August 27, 2013 as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "The defendant shall not commit another federal, state, or local crime." |
| | On August 10, 2013, the offender was arrested by the Richmond, Indiana, Police Department, and charged with Operating a Motor Vehicle With a Blood Alcohol Content Greater than .15 and Operating a Motor Vehicle While Intoxicated Endangering a Person. The offender is not in custody and charges are pending in Wayne County, Indiana, under case no. 89D03-1308-CM-000816. According to the police report, the offender ran a red light, and had a difficult time balancing and dismounting his motorcycle. |
| 2. | "The defendant shall refrain from the excessive use of alcohol." |
| | On August 10, 2013, a police report was completed by the Richmond Police Department alleging the offender was intoxicated while operating a motor vehicle. A chemical test at Reid Hospital in Richmond later confirmed a blood alcohol content of .21 percent. |
| 3. | "The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." |
| | On August 10, 2013, the offender was arrested by the Richmond Police Department, and charged with two counts of operating a motor vehicle while intoxicated. The offender failed to report the arrest information to the probation officer as required. The arrest was subsequently discovered during a routine record check. |

9.      The Court advised Mr. Haycock of his rights and thereafter directly inquired of Mr. Haycock whether he admitted the violation of his supervised release set forth above.  Mr. Haycock stated that he admitted the above violation.

10.     The violation admitted by Mr. Haycock constitutes a Grade C violation, pursuant to U.S.S.G. §7B1.1(a)(3).

11.     Mr. Haycock has suffered criminal convictions that yield a criminal history category of IV.

12.     The term of imprisonment applicable upon revocation of Mr. Haycock's supervised release, therefore, is between 6 and 12 months' imprisonment.  *See* U.S.S.G. § 7B1.4(a).

13.     The parties argued what sentence was appropriate for Mr. Haycock.

14.     The Court, having heard the admission of the defendant, the stipulations of the parties, and the arguments and discussions on behalf of each party, **NOW FINDS** that the defendant, Faron Haycock, violated the above-delineated condition in the Petition.

**WHEREFORE**, the undersigned recommends that the Court **ORDER** that Mr. Haycock's supervised release be **REVOKED** and he be sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day, with no supervision to follow.

The Court requests that Patrick Jarosh, U. S. Parole and Probation Officer, prepare for submission, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and this Order.

4

**IT IS SO ORDERED** this 5th day of September, 2013.


Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana


Distribution:

Winfield D. Ong
Assistant United States Attorney
Winfield.ong@usdoj.gov

Michael Donahoe
Indiana Community Federal Defender
Mike_donahoe@fd.org

U. S. Parole and Probation

U. S. Marshal